IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 20-CR-20025-01 |
| ) | |
| MARIO TURNER, ) | |
| ) | |
| Defendant. ) | |

### INFORMATION CONCERNING PRIOR CONVICTIONS

Pursuant to 21 U.S.C. § 851, the United States of America, by Douglas J. Quivey, Acting United States Attorney for the Central District of Illinois, and Rachel E. Ritzer, Assistant United States Attorney, respectfully notifies the Court that it intends to rely on the following prior convictions of the defendant as a basis for an increased punishment in this case.

Counts 1 - 3 of the Indictment charge distribution of heroin, in violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(c).  Prior to the filing of this Indictment, the defendant was convicted of the following final felony drug offenses:

1) Manufacture/Delivery of a Controlled Substance, Champaign County, Illinois, Circuit Court case number 2008-CF-1364.  Defendant pleaded guilty to this offense on December 13, 2010, and was sentenced to 24 months of probation. Defendant subsequently violated this term of probation and was sentenced to serve six (6) years of imprisonment at the Illinois Department of Corrections.
2) Possession with Intent to Delivery a Controlled Substance, Champaign County, Illinois, Circuit Court case number 2009-CF-48. Defendant pleaded guilty to this offense on February 4, 2013, and was sentenced to serve four (4) years of imprisonment at the Illinois Department of Corrections.

Accordingly, the United States gives notice, pursuant to 21 U.S.C. § 841(b)(1)(c) and § 851, that, with a final prior conviction for a felony drug offense, upon a conviction of Counts 1 and/or 2 and/or 3 of the Indictment, the defendant shall be sentenced to a term of imprisonment of not more than thirty (30) years, a fine not to exceed $2,000,000.00, a term of supervised release of at least six (6) years following imprisonment, and a mandatory $100 special assessment.

Pursuant to 21 U.S.C. § 851(b), any challenge to the prior convictions that is not made before sentence is imposed may not thereafter be raised to attack the sentence. Pursuant to 21 U.S.C. § 851(c), if the defendant denies any allegation of this information of prior convictions or claims that any conviction alleged is invalid, he should file a written response to the information.

    Respectfully submitted,

    DOUGLAS J. QUIVEY
    ACTING UNITED STATES ATTORNEY

    *s/ Rachel E. Ritzer*
    Rachel E. Ritzer, Illinois Bar No. 6309905
    Assistant United States Attorney
    201 S. Vine St., Suite 226
    Urbana, IL 61802
    Phone: (217) 373-5875
    Fax: (217) 373-5891
    rachel.ritzer@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on May 25, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record.

*s/ Rachel E. Ritzer*
Rachel E. Ritzer, Illinois Bar No. 6309905
Assistant United States Attorney
201 S. Vine St., Suite 226
Urbana, IL 61802
Phone: (217) 373-5875
Fax: (217) 373-5891
rachel.ritzer@usdoj.gov
